United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHILLIP B. ROSE, | CASE NO.: 12-CV-00425-LHK |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| DISCOVER FINANCIAL SERVICES, INC.; JP MORGAN CHASE NATIONAL CORPORATE SERVICE, INC. DBA JP MORGAN & CHASE; U.S. BANCORP, DBA AS US BANK; PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, DBA AMERICAN EDUCATION SERVICES; SALLIE MAE, INC.; BANK OF AMERICA CORPORATION; AMERICAN EXPRESS COMPANY; WELLS FARGO BANK, LTD.; AND DOES 1 TO 20 inclusive, | |
| Defendants. | |

Before the Court is Plaintiff's Request for Dismissal of Entire Action Against All Defendants Without Prejudice. ECF No. 31. Pursuant to Civil Local Rule 7-1(b), the Court finds this Request appropriate for determination without oral argument. Accordingly, the hearing set for May 31, 2012, is hereby VACATED. Having considered the procedural history, the parties' submissions, and the relevant law, the Court GRANTS Plaintiff's Request for the reasons set forth below.

### I. Procedural History

On December 15, 2011, Plaintiff, proceeding *pro se*, filed suit in Santa Clara Superior Court against eight Defendants: (1) Discover Financial Services, Inc. ("Discover"); (2) JP Morgan Chase National Corporate Service d/b/a JP Morgan & Chase ("Chase"); (3) U.S. Bancorp d/b/a US Bank ("U.S. Bancorp"); (4) Pennsylvania Higher Education Assistance Agency d/b/a American Education Services ("AES"); (5) Sallie Mae, Inc. ("Sallie Mae"); (6) Bank of America Corp. ("BofA"); (7) American Express Co. ("AmEx"); (8) Wells Fargo Bank, Ltd. ("Wells Fargo"). ECF No. 1. The complaint alleges the following claims: (1) violations of the Rosenthal Fair Debt Collection Practices Act; (2) violations of the Federal Fair Debt Collection Practices Act; (3) violations of Cal. Penal Code § 632; (4) Intentional Infliction of Emotional Distress; and (5) Negligent Infliction of Emotional Distress. Compl. ¶¶ 6-26. Defendants removed the action to federal court on January 26, 2012. ECF No. 1. No Defendant filed or served an answer in the Santa Clara Superior Court prior to removal.

On February 1, 2012, AES filed a motion to dismiss. ECF No. 4. On February 2, 2012, Sallie Mae, Chase, and U.S. Bancorp filed separate motions to dismiss. ECF Nos. 12, 16, 18. On February 2, 2012, BofA filed and served an answer. ECF No. 11. Also on February 2, 2012, Wells Fargo filed, but did not serve an answer. ECF No. 10.[1] The case was reassigned to the undersigned judge on February 3, 2012. ECF No. 22.

On February 15, 2012, Plaintiff filed his Request for dismissal without prejudice. ECF No. 31. Because it appeared that some Defendants had served answers, the Court declined to dismiss the entire action without giving Defendants an opportunity to be heard. ECF No. 3; *see also* Fed. R. Civ. P. 41(a)(1)(A)(i). The Court ordered Defendants to file a statement that they either: (1) did not oppose Plaintiff's Request, or (2) intended to oppose Plaintiff's Request pursuant to the briefing schedule for motions set forth in the Civil Local Rules. ECF No. 3. The Court stated that if Defendants failed to file a statement, it would grant Plaintiff's Request for dismissal without prejudice. *Id.*

---

[1] Although Wells Fargo filed an answer, ECF No. 10, Wells Fargo did not attach a certificate of service, nor did the ECF system appear to transmit the answer to Plaintiff.

In response to the Court's Order, six defendants filed statements, two did not. AES opposed the Request for dismissal and sought to be reimbursed fees and costs. ECF Nos. 34, 41. U.S. Bancorp did not oppose the Request for dismissal but requested an award of fees and costs. ECF No. 36. Sallie Mae, BofA, Wells Fargo, and Chase[2] filed separate statements of non-opposition to Plaintiff's Request for dismissal without prejudice. ECF Nos. 35, 37, 38, 42. Discover and AmEx did not file statements.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

As the Ninth Circuit has stated:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Such a dismissal leaves the parties as though no action had been brought. Once the defendant serves an answer or a motion for summary judgment, however, the plaintiff may no longer voluntarily dismiss under Rule 41(a)(1), but must file a motion for voluntary dismissal under Rule 41(a)(2). Unlike a Rule 41(a)(1) notice of dismissal, a Rule 41(a)(2) motion requires court approval.

*Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (internal citations omitted).

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the

---

[2] Although Chase filed a statement of non-opposition to Plaintiff's Request, Chase "reserve[d] its rights under Federal Rule of Civil Procedure 41(d) to seek its costs and attorney's fees should Plaintiff re-file this action or re-file an action based on the same claim against Chase." ECF No. 42, at 1-2. However, Chase's right to reimbursement under Rule 41(d) is not currently before the Court. Sallie Mae, BofA, and Wells Fargo did make any reservations in their statements of non-opposition.

1  district court's sound discretion and the court's order will not be disturbed unless the court has
2  abused its discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir.
3  1989) (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)).

### III. Analysis

Plaintiff requests to voluntarily dismiss all defendants without prejudice. The Court construes this Request as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Only Wells Fargo and BofA have filed answers, and only BofA has actually *served* an answer. All other Defendants have served neither answers nor motions for summary judgment. Plaintiff was therefore entitled to voluntarily dismiss Discover, Chase, U.S. Bancorp, AES, Sallie Mae, Wells Fargo, and AmEx by filing a notice of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i) ("plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party *serves* either an answer or a motion for summary judgment order") (emphasis added). Moreover, Plaintiff's Request to dismiss without prejudice Discover, Chase, U.S. Bancorp, AES, Sallie Mae, Wells Fargo, and AmEx[3] "automatically terminate[d] the action as to [these] defendants." *Wilson*, 111 F.3d at 692. Accordingly, Plaintiffs' claims against Discover, Chase, U.S. Bancorp, AES, Sallie Mae, Wells Fargo, and AmEx are DISMISSED WITHOUT PREJUDICE.

Both U.S. Bancorp and AES request reimbursement of fees and costs. A court may impose costs and attorneys' fees upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2). *Stevedoring Servs of Am.*, 889 F.2d at 921. Rule 41(a)(2) applies to a voluntary dismissal only if a defendant files an answer or a motion for summary judgment before a plaintiff seeks to voluntarily dismiss an action. Therefore, 41(a)(2) does not apply here because AES and U.S. Bancorp did not serve either an answer or a motion for summary judgment before Plaintiff filed his Request for dismissal. *See Wilson*, 111 F.3d at 692. Instead, Plaintiff's claims against U.S.

---

[3] On February 29, 2012, Plaintiff filed a separate Request that the action be dismissed against only AmEx with prejudice. ECF No. 43. However, because AmEx was terminated upon Plaintiff's filing of his original Request, Plaintiff's Request as to only AmEx is MOOT. Nevertheless, if Plaintiff and AmEx have entered into an enforceable contract barring the parties from further litigation over this controversy, it is possible that such a contract would have the same effect as a dismissal with prejudice.

4

CASE NO. 12-CV-00425-LHK
ORDER DISMISSING ACTION

Bancorp and AES were dismissed upon Plaintiff's filing of his Request for dismissal pursuant to Rule 41(a)(1), which automatically terminates the action without a court order and without an awarding of fees and costs. *Id.* Thus, U.S. Bancorp and AES cannot seek fees and costs pursuant to Fed. R. Civ. P. 41(a)(2). Accordingly, U.S. Bancorp's and AES's requests for fees and costs are DENIED.

AES's argument that it cannot be dismissed without prejudice pursuant to a Rule 41(a)(1)(A)(i) notice because it has "responded to the Complaint," is unavailing. ECF No. 34 ¶ 2 (citing ECF No. 4). AES's "response" was in the form of a motion to dismiss, not an answer or a motion for summary judgment, as required to trigger Rule 41(a)(2). The Ninth Circuit has held that a pending motion to dismiss is not the equivalent of a motion for summary judgment for purposes of Rule 41(a)(1)(A)(i). *See Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970). The mere fact that BofA, one of AES's codefendants, had served an answer prior to Plaintiff's Request for dismissal does not vitiate Plaintiff's "absolute right to voluntarily dismiss . . . some or all of the defendants" "so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment." *Wilson*, 111 F.3d at 692. Accordingly, AES was automatically terminated upon the filing of Plaintiff's Request for dismissal without prejudice.

However, because BofA did serve an answer prior to Plaintiff's filing of his Request for dismissal, a court order is required to dismiss BofA pursuant to Rule 41(a)(2). Nevertheless, BofA filed a statement of non-opposition to Plaintiff's Request for dismissal without prejudice. *See* ECF Nos. 37. Moreover, BofA does not request that the dismissal contain any special terms. *See id.* Accordingly, Plaintiff's claims against BofA are DISMISSED WITHOUT PREJUDICE.[4]

### IV. Conclusion

For the foregoing reasons, the Court ORDERS as follows:

---

[4] Even if Wells Fargo had actually served its answer, Wells Fargo also filed a statement of non-opposition to Plaintiff's Request for dismissal without prejudice, and Wells Fargo did not request any special conditions. ECF No. 38. Accordingly, Plaintiff's claims against Wells Fargo would be dismissed without prejudice even if Rule 41(a)(2), rather than Rule 41(a)(1)(A)(i), applied to Wells Fargo.

5
CASE NO. 12-CV-00425-LHK
ORDER DISMISSING ACTION

1. Plaintiff's claims against Discover, Chase, U.S. Bancorp, AES, Sallie Mae, Wells Fargo, and AmEx were DISMISSED WITHOUT PREJUDICE upon Plaintiff's filing of his Request for dismissal.
2. U.S. Bancorp's and AES's requests for fees and costs are DENIED.
3. Plaintiff's Request for dismissal is GRANTED as to BofA. Accordingly Plaintiff's claims against BofA are DISMISSED WITHOUT PREJUDICE.
4. The case management conference set for May 31, 2012, and all scheduled hearings are hereby VACATED. All pending motions are hereby TERMINATED.
5. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 18, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge